IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORNELIUS WIJT,<br>　　Plaintiff<br><br>　　v.<br><br>TIM WIJT and CREATIONS IN<br>CONCRETE LLC,<br>　　Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 16-3729<br><br>JURY |

## PLAINTIFF CORNELIUS WIJT'S ORIGINAL COMPLAINT

Plaintiff Cornelius Wijt files this Original Complaint, against Defendants Tim Wijt and Creations in Concrete LLC.

## I. PARTIES

1. Plaintiff, Cornelius Wijt, is an individual who is a citizen of the Netherlands, presently residing in France.

2. Defendant Tim Wijt, an individual who is a citizen of the State of Texas, may be served with process at 6522 Pebble Beach Drive, Houston, Texas 77069, or wherever he may be found.

3. Defendant Creations in Concrete LLC is a limited liability company that is incorporated under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas. Defendant may be served with process

by serving its registered agent Tim Wijt at 2445 High Timbers Drive, The Woodlands, Texas 77380.

## II. JURSIDICTION

4. The court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(2) because it is a suit between citizens of a State and a citizen or subject of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III. CONDITIONS PRECEDENT

5. All conditions precedent have been performed or have occurred.

## IV. FACTS

6. Cornelius Wijt is Tim Wijt's father. Upon information and belief, Tim Wijt is a member and officer of Creations in Concrete LLC ("Creations").

7. On or about June 17, 2013, Cornelius loaned Defendants $200,000 with an explicit purpose that Tim would buy out his partner's share of Creations and become the sole owner. Cornelius and Defendants further agreed that Creations would use a portion of the loan money to pay off equipment loans that were in Tim's business partner's name.

8. In exchange for the loan, Tim agreed in his individual capacity and on behalf of Creations to repay the loan plus three and one half percent annual interest

from income of the business within a reasonable time and to record the loan on the books of Creations. Tim further agreed to make Cornelius the beneficiary of Tim's life insurance policy.

9. In breach of their agreement, Defendants used the money to purchase Certificates of Deposit and to secure a line of credit instead of purchasing Tim's partner's share of the business and paying off the equipment loans. They did so without consulting or informing Cornelius. Creations failed to record the loan on its books, and Tim failed to designate Cornelius as the beneficiary of Tim's life insurance policy. Defendants paid back only half of the $200,000 principal and none of the interest. They have refused to pay the remaining amount due.

## V. COUNT 1 – BREACH OF CONTRACT

10. All facts alleged in other parts of this petition are adopted by reference as if alleged under the present count.

11. Cornelius had a valid and enforceable contract with Defendants.

12. Cornelius fully performed his obligations under the contract.

13. Defendants breached the contract by using the money they borrowed from Cornelius to purchase Certificates of Deposit and to secure a line of credit instead of purchasing Tim's partner's share of the business and paying off

the equipment loans as agreed, by failing and refusing to repay half ($100,000) of the principal or any of the interest, by failing to record the loan on the books of Creations, and by failing to designate Cornelius as the beneficiary of Tim's life insurance policy.

14. Defendants' breaches of contract caused injury to Cornelius, which resulted in at least the following damages: lost benefit of the bargain and out of pocket expenses (reliance damages).

## VI. COUNT 2 – PROMISSORY ESTOPPEL

15. All facts alleged in other parts of this petition are adopted by reference as if alleged under the present count.

16. Defendants promised Cornelius that they would use the money he loaned them to buy out Tim's business partner and pay off equipment loans that were in Tim's business partner's name, that Creations would record the loan on its books, that Tim would make Cornelius the beneficiary of Tim's life insurance policy, and that they would repay the loan plus three and one half percent annual interest.

17. Cornelius reasonably and substantially relied on Defendants' promises to his detriment.

18. Cornelius's reliance was foreseeable to Defendants.

## VII. COUNT 3 – MONEY HAD AND RECEIVED

19. Injustice can be avoided only by enforcing Defendants' promises.

20. All facts alleged in other parts of this petition are adopted by reference as if alleged under the present count.

21. Defendants hold the $100,000 of remaining principal, plus all of the interest, on the loan from Cornelius. In equity and good conscience, that money belongs to Cornelius.

## VIII. COUNT 4 –FRAUDULENT INDUCEMENT

22. All facts alleged in other parts of this petition are adopted by reference as if alleged under the present count.

23. Defendants made material representations that they would use the money Cornelius loaned them to buy out Tim's business partner, pay off equipment loans in his name, record the loan on the books of Creations, designate Cornelius as the beneficiary of Tim's life insurance, and repay the loan with interest.

24. Those representations were false, and Defendants knew they were false when made.

25. Defendants made those false material representations to induce Cornelius to enter into the contract to loan Defendants money, and Cornelius would not

have entered into the contract but for Defendants' material misrepresentations.

26. Cornelius's reliance on Defendants' misrepresentations was justifiable.

27. Defendants' misrepresentations caused injury to Cornelius, which resulted in at least the following damages: lost benefit of the bargain and out of pocket expenses (reliance damages).

## IX. COUNT 5 – DECLARATORY JUDGMENT

28. All facts alleged in other parts of this petition are adopted by reference as if alleged under the present count.

29. Pursuant to Texas Civil Practice and Remedies Code chapter 37, Cornelius petitions the Court to declare any and all contractual or other rights, status, or relation with respect to the agreement between him and Defendants regarding Cornelius's loan of $200,000 to Defendants.

30. Specifically, Cornelius asks the Court to declare that the loan agreement is a valid and enforceable contract, that Defendants breached the contract, that they must pay Cornelius $100,000 of remaining principal plus all of the interest at three and one half percent annually, that Creations must record the loan on its books, and that Tim must immediately designate Cornelius

as the beneficiary of Tim's life insurance policy until the full amount of the loan, including all interest, has been paid in full.

## X. DAMAGES

31. As a direct and proximate result of Defendants' conduct, Cornelius has suffered the following damages: the amount that remains due to Cornelius pursuant to the terms of his agreement with Defendants, including $100,000 of principal plus all of the interest at three and one half percent annually.

## XI. ATTORNEY FEES

32. Plaintiff seeks to recover reasonable and necessary attorney fees and costs pursuant to Texas Civil Practice & Remedies Code chapter 38 and section 37.009. Cornelius presented his claim to Defendants, and they did not tender payment of the just amount owed before the expiration of the 30th day after the claim was presented.

## XII. EXEMPLARY DAMAGES

33. Pursuant to Texas Civil Practice & Remedies Code section 41.003(a), Cornelius is entitled to recover exemplary damages because his injuries resulted from Defendants' malice or actual fraud.

## XIII. JURY TRIAL

34. Pursuant to Federal Rule of Civil Procedure 38, Cornelius hereby demands a trial by jury.

## XIV. PRAYER

35. For the foregoing reasons, Plaintiff asks for judgment against Defendants for the following:

   a. Actual damages of $100,000 plus interest according to the terms of their agreement.

   b. Prejudgment and post-judgment interest.

   c. Reasonable and necessary attorney fees.

   d. Exemplary damages.

   e. Costs.

   f. All other just relief.

Respectfully submitted,

**THE SINGHAL LAW FIRM**

By: _____

Dinesh H. Singhal
Texas Bar No. 24003383
dineshsinghal@gmail.com
711 Louisiana Street – Suite 1900
Houston, Texas 77002
Tel: 713.222.8500
Fax: 866.533.6695

**ATTORNEY IN CHARGE FOR PLAINTIFF, CORNELIUS WIJT**